By the Court.
Section 54 of the act of the general assembly, passed February 26, 1913 (103 O. L., 72, 91), entitled “An act to further define the powers, duties and jurisdiction of the state liability board of awards with reference to the collection, maintenance and disbursement of the state insurance fund for the benefit of injured, and the depend *290 ents of killed employes and requiring the contribution thereto by employers, and to repeal,” etc., is not in conflict with, nor does it repeal by implication, Section 9510, General Code, but on the contrary is intended to and does define, limit, and declare the nature and extent of the contract of indemnity that may be written under the provisions of said Section 9510, in favor of employers of more than five employes, in the following particulars, to-wit:
(a) Every such contract of indemnity of an employer for loss or damage on. account of injury of an employe by accidental means or on account of the negligence of such employer or such employer’s officer, agent, or servant, shall contain a specific provision, as a part of its terms, for the payment to such injured employe “of such amounts for medical, nurse and hospital services and medicines, and such compensation as is provided by this act for injured employes; and in the event of death shall pay such amounts as are herein provided for funeral expenses and for compensation to the dependents of those partially dependent upon such employe.”
This provision of the contract has reference only to cases of injury where the injured employe elects to accept Compensation for his injury directly from his employer according to the standard fixed in Section 22 of the workmen’s compensation act.
(b) The contract of indemnity shall not contain any agreement to indemnify an employer for any civil liability for or on account of the injury to his employe by the wilful act of such employer, or any of such employer’s officers or agents, or the failure of such employer, his officers or agents, to observe *291 any lawful requirements for the safety of employes.
This provision of the contract has exclusive reference to cases of injury where the injured employe does not elect to receive as compensation for his injury either the judgment or award of the industrial commission sitting as a board of awards, or from his employer direct, but elects to and does exercise the right to enforce his cause of action against his employer in the courts.
(c) No contract of indemnity shall be written in behalf of an employer of five or more employes for loss or damage, nor an agreement to indemnify an employer for any civil liability, on account of an injury of an employe by accidental means or on account of the negligence of such employer, his officers, agents or servants, whether the negligence be that of the wilful act, or failure to comply with lawful requirements of the safety of employes, or negligence of any other kind or character, if such employer is not a contributor to the compensation fund, or has not legally exercised the option of carrying his own insurance under Section 22 of the act.
Demurrer to answer sustained. Judgment of ouster as to exercise of the franchise of writing indemnity insurance policies to employers other than those permitted by opinion of the court. Operation of ouster will be suspended for one hundred days in order to permit respondent to conform to this holding.

Judgment of ouster.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.